**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ELIZABETH TRENT,

                               Plaintiff,

                   - v -                                        Civ. No. 3:12-CV-843
                                                                            (NAM/RFT)

CAROLYN W. COLVIN, *Acting Comm'r of Social Security*,

                               Defendant.

**APPEARANCES:**                                        **OF COUNSEL:**

ELIZABETH TRENT
Plaintiff, *Pro Se*
*Last Known Address*:
22 Lincoln Ave., Apt. 35
Endicott, New York 13760

SOCIAL SECURITY ADMINISTRATION          THOMASINA DIGRIGOLI, ESQ.
Attorney for Defendant
Office of Regional General Counsel
Region II
26 Federal Plaza – Room 3904
New York, New York 10278

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

       On May 22, 2012, Plaintiff Elizabeth Trent, by her Attorney Bachman, Gorton Law Firm, Peter A. Gorton, Esq., of counsel, initiated this action, pursuant to 42 U.S.C. § 405(g), seeking review of a decision by the Commissioner of Social Security denying her application for benefits. *See* Dkt. No. 1, Compl. In accordance with the procedure set forth in this District's General Order 18, Defendant timely filed an Answer along with the Social Security Administrative Record. Dkt. Nos. 8 & 10. Accordingly, Plaintiff's Brief in this matter was due by October 22, 2012. On October

18, 2012, Plaintiff's counsel sought, and was granted, an extension of time, until December 10, 2012, for Plaintiff for file her Brief. Dkt. Nos. 12 & 13.

On December 10, 2012, Plaintiff's Counsel requested another extension, this time to allow Plaintiff to find other counsel. Dkt. No. 14. As expressed in Mr. Gorton's Letter to the Court, Ms. Trent had verbally expressed her desire to obtain another attorney, thus the firm sought to withdraw from representing her in this action. *Id.* In response, this Court issued a Stay of the proceeding until February 8, 2013, at which time a status report was to be filed, or, if new counsel had been retained, a notice of attorney appearance would be filed. Dkt. No. 15. The Court expressly reserved on Counsel's request to withdraw.

Several months passed and there had been no new attorney appearance nor status report filed, thus precipitating an Order from this Court directing Attorney Gorton to immediately file a status report with the Court divulging the status of the action and, if known, Plaintiff's efforts to obtain new counsel and her intentions with proceeding with this action. Dkt. No. 16. In response, Attorney Gorton filed a formal Motion seeking to Withdraw from the action. Dkt. No. 17. In setting a Hearing on that Motion, the Court directed both Mr. Gorton and Ms. Trent to appear by telephone to further explore the circumstances surrounding the filing of this Motion. However, on the date of the scheduled Hearing, only Attorney Gorton appeared. Dkt. No. 19. Despite several attempts, the Court was unable to reach Ms. Trent by telephone, thus the Court discussed the pending Motion with Attorney Gorton only.

On July 10, 2013, after further briefing had been provided, the Court granted Attorney Gorton's request to withdraw from representing Plaintiff in this action. Dkt. No. 21. The Court also continued the Stay to allow Plaintiff time to find new counsel or, if no counsel is obtained, to advise

the Court by August 9, 2013, as to whether she intended to proceed with the action. *Id*. On July 31, the Court received confirmation that Ms. Trent received a copy of the Court's July 10th Order.

On August 28, 2013, having received no communication from Ms. Trent, the Court issued an Order lifting the Stay and directing Plaintiff to file her Brief in this matter by October 1, 2013. Dkt. No. 23. In that Order, we specifically warned Plaintiff that, "in accordance with the Federal Rules of Civil Procedure and the Local Rules of this District, her continued inaction in this matter could result in the Court dismissing her case." *Id*. at p. 1 (citing FED. R. CIV. P. 41(b) & N.D.N.Y.L.R. 41.2(a)). We further advised Plaintiff that her Brief is her "**only opportunity 'to set forth the errors Plaintiff contends were made by the Commissioner of Social Security that entitle Plaintiff to relief.**'" *Id*. at pp. 1-2 (citing General Order 18 at p. 4) (emphasis in original).

To date, the Court has not received Plaintiff's Brief nor any communication from Plaintiff. We find that Plaintiff's continued inaction in this case is an indication that she has abandoned her claim for relief. *See* N.D.N.Y.L.R. 41.2(a) ("[T]he plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution."). Because we do not have the benefit of Plaintiff's arguments or even claims of error purportedly committed by the Administrative Law Judge, this Court cannot assess the viability of any claim for relief and, given Plaintiff's failure to take any action herein, this Court declines to do a summary review of the administrative transcript without some direction as to what errors allegedly occurred. Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action or comply with any order of the court. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). "This power to dismiss an action may be exercised when necessary to achieve orderly and expeditious disposition of cases." *Freeman v. Lundrigan*, 1996 WL 481534,

at *1 (N.D.N.Y. Aug. 22, 2996) (citing *Rodriguez v. Walsh*, 1194 WL 9688, at *1 (S.D.N.Y. Jan. 14, 1994)); *see also* FED. R. CIV. P. 41(b) (allowing for dismissal of an action for failure to prosecute). Exceptional deference over an inordinate duration has been generously extended to Ms. Trent to no avail. Because Plaintiff has failed to diligently prosecute this matter, it is hereby

**RECOMMENDED**, that this action be dismissed due to Plaintiff's failure to prosecute this matter; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the Plaintiff by certified mail, return receipt requested and on the Defendant in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date: November 15, 2013
      Albany, New York

_____
Randolph F. Treece
U.S. Magistrate Judge